UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SEAN EARLEY,


                                    Plaintiff,

                                                        DECISION AND ORDER

                                                        03-CV-6338L


                        v.

SUPERINTENDENT TIMOTHY MURRAY,
SERGEANT D. STEFANIAK,
CORRECTIONAL OFFICER J. HEWIT,
LIEUTENANT B. ANDERSON,


                                    Defendants.

_____


        Plaintiff, Sean Earley, appearing *pro se*, commenced this action under 42 U.S.C. § 1983.

Plaintiff, who at the time of the filing of the complaint was an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), alleges that his constitutional rights have been

violated in a number of respects by defendants, all of whom were at all relevant times officials or

employees of DOCS or of the State of New York.

        Defendants have moved to dismiss the complaint for failure to prosecute pursuant to Rule

41(b) of the Federal Rules of Civil Procedure.  Plaintiff has not responded to the motion.  For the

reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff sent a letter to the Clerk of the Court dated June 29, 2007, stating that his mailing address had changed to a street address in Mt. Morris, New York.  Dkt. #36 at 4.  According to the DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, plaintiff was released from custody on June 27, 2007.

On July 9, 2007, defendants mailed plaintiff, at his Mt. Morris address, a notice of deposition scheduling his deposition for 9:30 a.m. on August 15, 2007.  The notice advised plaintiff to "confirm that [he was] available on th[at] date and time," and, if he could not make it on that date, to "advise [defendants' attorney] when [he was] available."  Dkt. #36 at 6.  The notice also included a warning that "**failure to attend the deposition may lead to sanctions, including a dismissal of the claim.**" *Id.* at 8.  Defendants' attorney states in his affidavit that plaintiff did not respond to the notice, nor did he appear on August 15.  *Id.* at 1 ¶ 5.

By letter dated August 15, 2007, defense counsel asked plaintiff to "[p]lease advise if [he] wish[ed] to go forward with [his] lawsuit," adding that if defense counsel "d[id] not hear from [plaintiff] by the end of the month, [he] w[ould] ask the Court to dismiss." *Id.* at 13.  Counsel states that he received no response.  *Id.* at 2 ¶ 5.

On October 12, 2007, the Court issued a scheduling order giving plaintiff until November 13, 2007, to respond to defendants' motion to dismiss.  Dkt. #38.  The scheduling order, which was sent to plaintiff's Mt. Morris address, was returned as undeliverable on November 13.  Plaintiff has

not responded to the motion, nor has he contacted the Court since his change of address was received in June 2007.

## DISCUSSION

Dismissal is clearly warranted here. Rule 41(b) of the Federal Rules of Civil Procedure provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." In addition, Rule 41.2 of the Local Rules for the Western District of New York provides that in a civil case in which no action has been taken by the parties in six months, "the Court may order the parties to show cause why the action should not be dismissed for failure to prosecute." If the parties fail to respond to the order, the court may dismiss the action for failure to prosecute.

It would be pointless here to send such an order to plaintiff, since he apparently is no longer receiving mail at the most recent address that he provided to the Court. In that regard, I note that *pro se* litigants are required by the Local Rules to furnish the Court with a current address at all times. Local Rule 5.2(d) expressly provides that " "[f]ailure to do so may result in dismissal of the case with prejudice."

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was

given notice that further delay would result in dismissal; (3) the likelihood that the defendant will

be prejudiced by further delay; (4) the balance between the need to alleviate court calendar

congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser

sanctions. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2[d] Cir. 2004).

Those factors weigh in favor of dismissal here. Plaintiff has clearly ceased to take any steps

to prosecute this case, and the Court has been effectively prevented from warning him that this action

is subject to dismissal because of his own failure to keep the Court apprised of his address. Under

these circumstances, I see no reason to require defendants or the Court to continue to expend any

further time or effort in this case. Defendants' motion is therefore granted.[1]


## CONCLUSION


Defendants' motion to dismiss (Dkt. #35) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 10, 2008.

_____

[1]Although defendants have not moved under this rule, I also note that Federal Rule 37 grants district courts "broad power" to impose sanctions, including dismissal, on parties who fail to comply with court ordered discovery. *Friends of Animals Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2[d] Cir. 1997) (per curiam). I find that dismissal is warranted under Rule 37 as well. *See Lewis v. Power*, No. 04-CV-6128, 2007 WL 160759, at *1-*2 (W.D.N.Y. Jan. 17, 2007) (dismissing under Rule 37 where *pro se* plaintiff twice failed to appear for a scheduled deposition, had not responded to defendants' motion to dismiss, and had made no attempt to inform the Court of his whereabouts or to explain his failures in this regard).